■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY LEWIS, Appellant.—Judgment, Supreme Court, New York County, dated May 17, 1976 convicting defendant after jury trial of attempted robbery in the first degree (Penal Law, §§ 110, 160.15), and sentencing him thereon as a second felony offender, is unanimously affirmed. There were obvious difficulties and frustrations due in part to the Russian interpreter used on the first day of the trial, and thereafter replaced by a different Russian interpreter. However, the Trial Justice who was of course there and saw these difficulties and frustrations did not think that they had so impaired defendant's right to a fair trial that it could not be corrected by having a new interpreter. We have read the transcript, and in our opinion it does not warrant our overruling the Trial Justice. The complaining witness' story, both on direct and cross-examination, seems to have come out quite comprehensibly during the first interpreter's service. It was gone into again during the second interpreter's service and there appears to be no substantial difference between the testimony as elicited through the first interpreter and the testimony as elicited through the second interpreter. It further appears that at least some of the difficulties were due to having an excitable complaining witness unfamiliar with the American custom of rather wide-ranging cross-examination; e.g., the remark "silly questions" appears to be the witness' statement and not the interpreter's, as it appears during the second interpreter's translation as well as the first. The brief reference in the prosecutor's summation to the difficulties with the first interpreter was merely a concrete illustration of the obvious fact that a police officer unfamiliar with the Russian language might misunderstand what an excited complainant unfamiliar with the English language was saying to him. Concur—Lupiano, J. P., Birns, Silverman, Evans and Markewich, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CURRY, Appellant.—Motion by appellant's attorney to be relieved as attorney is granted. A new attorney will be assigned to appellant. Determination of the appeal from the judgment of the Supreme Court, New York County, rendered on March 12, 1976 will be held in abeyance pending filing of a brief by such new attorney. Appellant's attorney has twice filed the same "brief," the second time after being informed by the clerk that the attorney should comply with the requirements of *People v Saunders* (52 AD2d 833). The "brief" contains no discussion or argument; nor does it comply with the requirements specified in *People v Saunders (supra)* where an attorney believes that there are no nonfrivolous arguments that he can present on behalf of his client. We deem it useless to again refer the matter back to this same attorney for compliance with the requirements of *People v Saunders (supra).* Accordingly, we are relieving this attorney and will assign another attorney for appellant. Concur—Lupiano, J. P., Birns, Silverman, Evans and Markewich, JJ.